**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| METROPCS WIRELESS, INC. )<br>2250 Lakeside Boulevard )<br>Richardson, Texas 75082, )<br>   )<br>   Plaintiff, )<br>   )   Civil Action No. _____<br>v. )<br>   )<br>TELECOMMUNICATION SYSTEMS, )<br>INC. )<br>275 West Street, Suite 400<br>Annapolis, Maryland 21401<br>Anne Arundel County,<br><br>   Defendant. | |

## ORIGINAL COMPLAINT

Plaintiff MetroPCS Wireless, Inc. ("*MetroPCS*" or "*Plaintiff*") files this Original Complaint against Defendant TeleCommunication Systems, Inc. ("*TCS*" or "*Defendant*") and, in support thereof, respectfully alleges as follows:

### I.
#### PARTIES

1. MetroPCS Wireless, Inc. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082.

2. TeleCommunication Systems, Inc. is a Maryland corporation with its principal place of business at 275 West Street, Suite 400, Annapolis, Maryland 21401. TCS may be served with process by serving its registered agent, CSC – Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.

## II.
### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      Venue lies in this jurisdiction pursuant to an agreement between parties as evidenced by the terms of the Network Services Agreement, dated November 12, 2007 ("*Agreement*"), which forms the basis of this action.[1]  Venue is also proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) because Defendant's principal place of business is located in this District.

## III.
### SUMMARY OF DISPUTE

5.      MetroPCS' claims arise out of TCS' failure to defend, indemnify and hold harmless MetroPCS from Civil Action No. 2:08cv381, styled *EMSAT Advanced Geo-Location Technology, LLC et al. v. MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. et al.*, which is currently pending in the United States District Court for the Eastern District of Texas—Marshall Division (the "*Federal Court Action*").[2]  In November 2007, MetroPCS contracted with TCS for the use of its location-based service ("*LBS*") technology and services.  Under the parties' agreement, MetroPCS assumed no liability for intellectual property claims ("IP Claims") resulting from its use of TCS' LBS technology and services, and TCS agreed to defend,

---

[1] A true and correct copy of the Agreement is attached hereto as Exhibit A.
[2] A true and correct copy of the complaint filed in the Federal Court Action ("*Complaint*") is attached hereto as Exhibit B.

indemnify and hold harmless MetroPCS from such claims. *See* Section 7.4 (IP Claims) of the Agreement.

6. MetroPCS was sued in the Federal Court Action by EMSAT Advanced Geo-Location Technology, LLC ("*EMSAT*") and Location Based Services, LLC (collectively, the "*Federal Plaintiffs*") on October 7, 2008. The Federal Plaintiffs' core allegation in the Federal Court Action is that MetroPCS infringes Federal Plaintiffs' patents through MetroPCS' use of LBS service and technology provided by TCS - - the exact TCS technology and services that MetroPCS contracted with TCS to use under the Agreement, and the exact IP Claims for which TCS agreed to defend, indemnify and hold harmless MetroPCS. Upon receipt, MetroPCS promptly notified TCS of the Federal Court Action and the allegations contained therein and demanded that pursuant to Section 7.4 (IP Claims) of the Agreement TCS defend, indemnify and hold harmless MetroPCS from the Federal Court Action. TCS has refused to fulfill its obligations under the Agreement. MetroPCS now files this suit seeking a declaratory judgment that TCS under the Agreement has an obligation to defend, indemnify and hold harmless MetroPCS against the Federal Court Action, specific performance by TCS of these obligations, damages for TCS' breach of the Agreement, and payment of any royalties or damages arising out of the Federal Court Action.

### IV.
### STATEMENT OF FACTS

*A.*     *Location-Based Services*

7. LBS is a new and innovative information and entertainment service commonly offered by wireless providers to their customers. LBS allows mobile users to know their specific

location and to provide them with personalized applications and services tailored to their current location.

8. LBS technology utilizes the geographic positioning of a mobile device to identify the location of the user and, based on this information, provides access to a multitude of information regarding persons and objects in that area. For example, with increasing popularity LBS technology is used by wireless customers to locate food, lodging and entertainment in the area, access information about current traffic conditions and alternate routing, and locate friends and family.

*B.     The Relationship Between MetroPCS and TCS*

9. MetroPCS is a wireless provider. As of December 31, 2008, MetroPCS has approximately 5.4 million customers in major metropolitan areas across the United States. Among the many services MetroPCS offers to its network customers is applications which use LBS. MetroPCS contracted with TCS to provide the necessary technology and TCS equipment to allow MetroPCS to provide LBS service to its customers.

10. On November 12, 2007, MetroPCS and TCS entered into the Agreement. Section 1 (Relationship of the Parties) of the Agreement defines the relationship between MetroPCS and TCS. Section 1.1 (Appointment) states: "[MetroPCS] will make use of and deploy TCS technical solutions and services ("the TCS Hosted Xypoint® Location Based Service" or "Hosted XLS Service") throughout its markets." Section 7.4 (IP Claims) of the Agreement provides that TCS will:

> **IP Claims.** Subject to [MetroPCS'] compliance with the terms of this Section 7.4 and Sections 7.5 and 7.6, TCS ***shall defend, indemnify and hold harmless*** [MetroPCS] and its officers and directors (each, an **"Indemnified Party"** and, collectively, the

4

> **"Indemnified Parties"**) from and against any loss, damage, or liability, including reasonable costs and attorney fees, *to the extent that such loss, damage or liability arises out of any third-party claim, suit, or allegation that [MetroPCS'] use of any product or service provided by TCS under this Agreement or any claim under Sections 7.2 or 7.3 infringes the patent*, trademark, copyright rights, trade secret rights of [sic] other proprietary rights of such third party (collectively the **"IP Claim"**). . . . (Emphasis added).[3]

MetroPCS uses TCS' technology and services to provide LBS to its customers.

### C.     *The Federal Court Action*

11.     On October 7, 2008, Federal Plaintiffs filed the Federal Court Action against MetroPCS. In the Federal Court Action, Federal Plaintiffs allege that EMSAT is the assignee and owner of all rights, title and interest in, and Location Based Services, LLC is the exclusive licensee of the following patents: U.S. Patent No. 5,946,611 ("*'611 Patent*") issued for "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions"; U.S. Patent No. 6,847,822 ("*'822 Patent*") issued for "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions"; U.S. Patent No. 7,289,763 ("*'763 Patent*") issued for "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions"; and U.S. Patent Application Pub. No. US 2008/0014965 A1 ("the '965 Publication") entitled "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions" (collectively the "*Patents*").[4]

12.     Federal Plaintiffs' core allegation in the Federal Court Action is that MetroPCS' "offer for sale, sale, use, and/or inducement of the use, offer for sale, and sale" of mobile E911

---

[3] Agreement, Section 7.4 (IP Claims) at p. 5.
[4] Complaint at pp. 4, 7-8.

services and commercial location based services infringes Federal Plaintiffs' patent rights.[5] More simply stated, Federal Plaintiffs' Federal Court Action is a third-party suit alleging that MetroPCS' use of the LBS technology and services provided to MetroPCS by TCS under the Agreement infringes the Patents. Although MetroPCS denies that it infringes Federal Plaintiffs' Patents, nonetheless MetroPCS is required to defend against the Federal Court Action.

### D.  *TCS' Duty to Defend, Indemnify and Hold Harmless MetroPCS Under the Agreement*

13.  Fundamental to the Agreement is MetroPCS' use of TCS' LBS service and technology. Without the LBS provided by TCS, MetroPCS would need to contract with a third party for such LBS technology or buy and license such technology from third parties and install and operate it itself. Since MetroPCS procures its LBS service and technology from TCS, MetroPCS relies on TCS to ensure that TCS' service and technology is free from IP Claims and that MetroPCS' use of such services and technology comports with federal, state and local laws. MetroPCS expressly disclaimed any assumption of such liability for IP Claims in entering into the Agreement and bargained for an indemnity and defense agreement from TCS related to TCS' LBS service and technology. Section 7.4 (IP Claims) of the Agreement provides as follows:

> **IP Claims.**  Subject to [MetroPCS'] compliance with the terms of this Section 7.4 and Sections 7.5 and 7.6, TCS ***shall defend, indemnify and hold harmless*** [MetroPCS] and its officers and directors (each, an **"Indemnified Party"** and, collectively, the **"Indemnified Parties"**) from and against any loss, damage, or liability, including reasonable costs and attorney fees, ***to the extent that such loss, damage or liability arises out of any third-party claim, suit, or allegation that [MetroPCS'] use of any product or service provided by TCS under this Agreement or any claim under Sections 7.2 or 7.3 infringes the patent***, trademark, copyright rights, trade secret rights of [sic] other proprietary rights

---

[5] *Id*. at pp. 6-8.

of such third party (collectively the **"IP Claim"**). . . . (Emphasis added).[6]

14.    Federal Plaintiffs' Federal Court Action is an "IP Claim" as defined under Section 7.4 (IP Claims) of the Agreement. Federal Plaintiffs' patent infringement allegations arise out of MetroPCS' "use" of TCS' LBS technology and services—the precise matters MetroPCS contracted for under the Agreement.

15.    On October 21, 2008, MetroPCS sent TCS a notice informing TCS of the Federal Court Action, Federal Plaintiffs' allegations that the LBS service offered by MetroPCS infringes the Patents, and demanding that TCS defend, indemnify and hold harmless MetroPCS in accordance with the Agreement.[7] In doing so, MetroPCS fully complied with its obligation under Section 7.5 (Indemnity Procedure) of the Agreement to provide TCS with "prompt written notice of any IP Claim or other claim under Sections 7.2 or 7.3 for which it seeks indemnification hereunder."[8]

16.    On November 5, 2008, TCS responded to MetroPCS acknowledging the allegations made in the Federal Court Action, but disclaiming any obligation to defend, indemnify and hold harmless MetroPCS.[9]

17.    Consequently, TCS has failed to meet its contractual obligations under the Agreement, and MetroPCS now files this suit requesting a declaratory judgment that TCS has an obligation to defend, indemnify and hold harmless MetroPCS in the Federal Court Action, an order that TCS specifically perform that obligation, compensation for any damages caused by

---

[6] Agreement, Section 7.4 (IP Claims) at p. 5.
[7] October 21, 2008 letter from J. Christopher Luna, Staff Vice President and Assistant General Counsel for MetroPCS, to Mark D. Johnson at TCS, a true and correct copy of which is attached hereto as Exhibit C.
[8] Agreement, Section 7.5 (Indemnity Procedure) at p. 5.
[9] November 5, 2008 letter from Bruce A. White, representative of TCS, to J. Christopher Luna, a true and correct copy of which is attached hereto as Exhibit D.

TCS' breach of the Agreement, and payment of any royalties or damages arising out of the Federal Court Action. If TCS fails to comply with its obligations, MetroPCS will be harmed because MetroPCS will be required to retain counsel, spend money to defend against the Federal Court Action, and divert important management attention and other resources to the Federal Court Action, for which money damages would not be sufficient.

**V.**
**CAUSES OF ACTION**

A.   *Declaratory Judgment for TCS' Duty to Defend, Indemnify and Hold Harmless MetroPCS from the Federal Court Action*

18.   MetroPCS re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein in support of its declaratory judgment cause of action.

19.   Under the Agreement, MetroPCS contracted with TCS for the use of TCS' LBS service and technology. Under Section 7.4 (IP Claims) of the Agreement, TCS expressly agreed to defend, indemnify and hold harmless MetroPCS from any third-party claims, allegations, and suits for patent infringement arising out of MetroPCS' use of TCS' LBS service and technology, which would include Federal Plaintiffs' allegations that TCS' LBS service and technology infringes the Patents.

20.   Federal Plaintiffs filed the Federal Court Action alleging MetroPCS infringes the Patents by its use of TCS' LBS service and technology. MetroPCS promptly notified TCS of the Federal Court Action, the Federal Plaintiffs' allegations, and demanded that TCS defend, indemnify and hold harmless MetroPCS from the claims, allegation and damages alleged in the Federal Court Action. Therefore, MetroPCS has fulfilled its obligations under the Agreement

and a declaratory judgment that TCS has an obligation to defend, indemnify and hold harmless MetroPCS from the Federal Court Action should be entered.

## B.     *Specific Performance of TCS' Obligation to Defend, Indemnify and Hold Harmless MetroPCS from the Federal Court Action*

21.     MetroPCS re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein in support of its specific performance cause of action.

22.     Under the Agreement, MetroPCS contracted with TCS for the use of TCS' LBS service and technology.  Under Section 7.4 (IP Claims) of the Agreement TCS expressly agreed to defend, indemnify and hold harmless MetroPCS from any third-party claims, allegations or suits for patent infringement arising out of MetroPCS' use of TCS' LBS service and technology, which would include Federal Plaintiffs' allegations that TCS' LBS service and technology infringes the Patents.

23.     Federal Plaintiffs filed the Federal Court Action alleging MetroPCS infringes the Patents by its use of the TCS' LBS service and technology.  MetroPCS promptly notified TCS of the Federal Court Action and demanded that TCS defend, indemnify and hold harmless MetroPCS from the Federal Court Action.  Therefore, MetroPCS has fulfilled its obligations under the Agreement and TCS should be ordered to defend, indemnify and hold harmless MetroPCS from the Federal Court Action.

## C.     *Breach of the Agreement by TCS*

24.     MetroPCS re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein in support of its breach of contract cause of action.

25.     TCS is in breach of the Agreement.  Despite demand, TCS has failed and refused to defend, indemnify, hold harmless and otherwise dispose of the IP Claims made the subject of the Federal Court Action.

26.     MetroPCS has fulfilled all obligations under the Agreement.  TCS remains in breach, however, and should be found in breach of the Agreement.  Consequently, MetroPCS requests an award of all damages, attorneys' fees and costs flowing, directly or indirectly, from the breach of the Agreement by TCS.

### D.     *Common-Law Indemnification*

27.     MetroPCS re-alleges and incorporates paragraphs 1 through 26 above as if fully set forth herein in support of its common-law indemnification cause of action.

28.     The Federal Plaintiffs sued MetroPCS for patent infringement allegedly resulting from MetroPCS' use and sale of LBS technology and services.  The sole means by which MetroPCS provides LBS services to its customers is through the use of TCS' LBS technology and services purchased under the Agreement.  MetroPCS relies solely on TCS to provide TCS' LBS technology and services free from patent infringement claims.

29.     Should MetroPCS be found liable to the Federal Plaintiffs for patent infringement in the Federal Court Action, MetroPCS alone would be required to extinguish such legal obligation to the Federal Plaintiffs.  However, TCS and MetroPCS owe a common duty to the Federal Plaintiffs not to infringe the Patents.  Therefore, as the primarily responsible infringer and sole provider of the LBS technology and services to MetroPCS, TCS should be ordered to wholly indemnify MetroPCS from and against the Federal Court Action.

### E. *In the Alternative, Common-Law Contribution*

30. MetroPCS re-alleges and incorporates paragraphs 1 through 29 above as if fully set forth herein in support of its common-law contribution cause of action.

31. The Federal Plaintiffs sued MetroPCS for patent infringement allegedly resulting from MetroPCS' use and sale of LBS technology and services. The sole means by which MetroPCS provides LBS services to its customers is through the use of TCS' LBS technology and services purchased under the Agreement. MetroPCS relies solely on TCS to provide TCS' LBS technology and services free from patent infringement claims.

32. Should MetroPCS be found liable to the Federal Plaintiffs for patent infringement in the Federal Court Action, MetroPCS alone would be required to extinguish such legal obligation to the Federal Plaintiffs. However, TCS and MetroPCS owe a common duty to the Federal Plaintiffs not to infringe the Patents. Therefore, as the primarily responsible infringer and sole provider of the LBS technology and services to MetroPCS, TCS should be ordered to provide contribution to MetroPCS in relative proportion to TCS' responsibility for the infringement of the Patents, if any.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, MetroPCS respectfully requests the following relief:

(i) A declaratory judgment that TCS has an obligation to defend, indemnify and hold harmless MetroPCS from and against the Federal Court Action;

(ii) TCS be ordered to specifically perform its obligations under the Agreement, including its obligations under Section 7.4 (IP Claims);

(iii) TCS be ordered to defend MetroPCS from and against the Federal Court Action;

(iv)   TCS be ordered to pay reasonable costs and attorneys' fees incurred by MetroPCS in its defense of the Federal Court Action;

(v)    TCS be ordered to indemnify and hold harmless MetroPCS from all loss, damage, or liability resulting from the Federal Court Action, if any;

(vi)   TCS be found in breach of the Agreement and an award of all damages, attorneys' fees and costs flowing, directly or indirectly, from the breach of the Agreement by TCS;

(vii)  TCS be ordered to pay any and all amounts, including any royalties and damages resulting from, arising out of, or in connection with the Federal Court Action, if any; and

(viii) In the alternative, TCS be ordered to provide contribution to MetroPCS in relative proportion to its responsibility for any and all amounts, including royalties and damages, resulting from, arising out of, or in connection with the Federal Court Action, if any; and

(iv)   MetroPCS be awarded all other and further relief to which it may be justly entitled.

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**

/s/

_____
Matthew H. Kirtland
Md. State Bar No. 26089
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
Telephone:  202.662.0200
Facsimile:  202.662.4643

Brett C. Govett
Shea R. Haass
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone:  214.855.8000
Facsimile:  214.855.8200

ATTORNEYS FOR PLAINTIFF,
METROPCS WIRELESS, INC.