

**Bruce A. White**
**Vice President**
**& General Counsel**
Phone: 410.280.1224
Fax: 410.280.1048
Email: bwhite@telecomsys.com

November 5, 2008

J. Christopher Luna
Staff Vice President and
Assistant General Counsel
metroPCS Communications, Inc.
2250 Lakeside Boulevard
Richardson, TX  75082

Subject:    EMSAT Advanced Geo-Location Technology, LLC v. MetroPCS Communications, et al., Civil Action No. 2:08cv381 (Unites States District Court for the Eastern District of Texas, Marshall Division)

Reference:  E9-1-1 Network Services Agreement Between metroPCS Communications, Inc. ("metroPCS") and TeleCommunication Systems, Inc., ("TCS") effective April 11, 2003, as amended (the "Contract")

Dear Mr. Luna:

We received your letter dated October 21, 2008, providing notice of the subject lawsuit and requesting indemnification under the referenced Contract. While we are mindful of the indemnification obligations that TCS undertook with regard to the services provided under the Contract, our review of the patents in question finds that the products and services provided by TCS do not read on to any claims of the patents, and if metroPCS is found to be infringing the patents, that infringement will be caused by products or services within the metroPCS network that are not provided by TCS.

Regarding the '611 patent, TCS does not provide or use the mobile unit to place a call, nor does TCS route the call by the exact geographic location of the mobile unit, as the independent claim requires. In fact, our review of the patent suggests that since the independent claim requires actions from both a user and a provider, the claim appears to be defective as there would not be any direct infringer.

Regarding the '822 patent, the independent claims require a cellular communications network comprising a plurality of cell sites, which TCS does not provide, and/or requires making a comparison of the exact geographic location of the mobile unit with land-based data, which the TCS service does not.

Similarly, the independent claims of the '763 patent require a cellular communications network comprising a plurality of cell sites, which TCS does not provide, and/or making

a comparison of the geographic location of the mobile unit, which the TCS product/service does not.

Notwithstanding the reasons stated above, TCS will cooperate with metroPCS on matters relating to the TCS service to the extent we can be helpful in metroPCS's defense of this lawsuit. We also suggest that metroPCS assert a defense based upon 28 USC 1498. The lawsuit alleges infringement based upon providing E9-1-1 service that is used to meet the FCC's Phase I and Phase II mandate. The appropriate party against which to seek damages therefore is the U.S. government pursuant to 28 USC 1498. CTIA is reviewing 28 USC 1498 as it relates to E9-1-1 service and we recommend that metroPCS contact Michael Altschul, general counsel at CTIA, regarding this issue.

Please contact me if you need additional assistance from TCS.

Very truly yours,

Bruce A. White