**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **METROPCS WIRELESS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09–CV–00601–WDQ |
| | ) |
| **TELECOMMUNICATION SYSTEMS, INC.,** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF METROPCS WIRELESS, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO TAKE JUDICIAL NOTICE OF DEFENDANT TCS' CONTRADICTORY
LITIGATION AND ARBITRATION FILINGS**

Plaintiff MetroPCS Wireless, Inc. ("MetroPCS" or "Plaintiff") submits this Memorandum in Support of Its Motion to Take Judicial Notice and respectfully shows the Court as follows:

**I.
INTRODUCTION**

Under authority of Federal Rule of Evidence 201, MetroPCS requests that this Court take judicial notice that (1) Defendant TeleCommunication Systems, Inc. ("TCS" or "Defendant") filed a Motion to Dismiss or, in the Alternative, Stay ("Motion to Dismiss the Arbitration") in the arbitration styled *MetroPCS Communications, Inc. and MetroPCS Wireless Inc. v. TeleCommunication Systems, Inc.*, Arbitration Number 16 494 Y 00165 09, which is pending in the American Arbitration Association (the "Arbitration"), and (2) that in its Motion to Dismiss the Arbitration, TCS takes a position which is inconsistent with and contradicts the position Defendant TCS took in its Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration, or, in the Alternative, Stay ("Maryland Motion to Dismiss") filed in this matter.

1

## II.
## RELEVANT FACTS

This matter arises from the Network Services Agreement, dated November 12, 2007, in which Defendant agreed to defend, indemnify, and hold harmless MetroPCS as to certain "IP Claims" that may result from the location-based services TCS provided under the Network Services Agreement. *See* Original Complaint, at ¶ 5; *see also* Network Services Agreement (Exhibit A). When TCS refused to satisfy that duty to defend, indemnify and hold harmless, MetroPCS filed this lawsuit to enforce that obligation. *See id.* at ¶ 6.

Independently, TCS also agreed to defend, indemnify, and hold harmless MetroPCS for certain IP Claims resulting from the services provided under another separate agreement, the E9-1-1 Network Services Agreement ("E9-1-1 Agreement"), entered into approximately four years prior to the Network Services Agreement that covered different services. *See* E9-1-1 Agreement (Exhibit B). TCS also refused to satisfy its obligations under the E9-1-1 Agreement. Since, unlike the Network Services Agreement, under the E9-1-1 Agreement the parties are obligated to bring any action via arbitration, MetroPCS and MetroPCS Communications, Inc. filed a Demand for Arbitration with the American Arbitration Association to enforce the E9-1-1 Agreement. *See* Demand for Arbitration (Exhibit C).

TCS' most recent filing in the Arbitration is inconsistent with and contradicts its prior filings in this action. Specifically, TCS has argued to this Court that the litigation should be stayed pending arbitration while TCS argues to the arbitration panel that those proceedings should be stayed pending completion of this litigation. In the Maryland Motion to Dismiss, filed in this Court on May 26, 2009, TCS argues that this action should be dismissed, compelled to arbitration, or ***stayed pending resolution of the Arbitration***. *See* Maryland Motion to Dismiss, p. 1 (Exhibit D). On August 20, 2009, TCS filed in the Arbitration its Motion to Dismiss the Arbitration. *See* Arbitration Motion to Dismiss (Exhibit E).

In its Motion to Dismiss the Arbitration, TCS argues that the Arbitration should be stayed ***pending resolution of this action***. *See* Exhibit E, p. 16. Under TCS' paradigm, no tribunal would take action in any matter.

### III.
### ARGUMENT & AUTHORITIES

A court shall take judicial notice of adjudicative facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The adjudicative facts must be ones that are "not subject to reasonable dispute in that [they] are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such judicial notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(f).

Courts have routinely taken judicial notice of the existence of related proceedings and arguments made in related proceedings. *See Gollomp v. Spitzer*, 568 F.3d 355, 369 (2d Cir. 2009) (taking judicial notice that plaintiff's counsel has filed other lawsuits containing similar claims); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (holding that a court may take judicial notice of another court's opinion); *United States Fidelity & Guar. Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir. 1964) (holding that a court may take judicial notice in related litigation involving overlapping facts); *see also Reed v. Wolff*, 242 A.D.2d 375, (N.Y. App. 1997) (taking judicial notice of arguments in a companion case). Of course, a court may take judicial notice of a document filed in another tribunal "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). In the same vein, courts have taken judicial notice of arbitration decisions and the

existence of arbitration proceedings. *See Stacks v. Sw. Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1326 n.3 (8th Cir. 1994) (taking judicial notice of an arbitration decision)*; Yerkovich v. MCA Inc.,* 11 F. Supp.2d 1167, 1169 n.2 (C.D. Cal. 1997) (recognizing that in a prior order the court took judicial notice of an arbitration award); *Gonzales v. Al & John Inc.*, No. 06-6245, 2007 U.S. Dist. LEXIS 36792, at n. 1 (D.N.J. May 18, 2007) (taking judicial notice of the fact that arbitration proceedings concerning one of the plaintiff's contentions had been initiated).

MetroPCS respectfully asks the Court to take judicial notice (1) of the existence of TCS' Motion to Dismiss the Arbitration and (2) of the contents of that Motion to Dismiss the Arbitration, not for the truth of the matters Defendant TCS stated therein, but with respect to the existence of statements that contradict and are inconsistent with TCS' filings and positions in this action.  TCS' motions to dismiss could result in ***simultaneous stays*** in both proceedings and are intended to delay the proceedings without cause.  The existence of TCS' Motion to Dismiss the Arbitration and the contents of that filing are "not subject to reasonable dispute" as they involve a pleading filed by TCS' counsel with the American Arbitration Association.  TCS filed the Motion to Dismiss the Arbitration via e-mail and simultaneously served MetroPCS by copying its counsel on the filing e-mail.  *See* Declaration of Brett Govett (Exhibit F).  A true and correct copy of the Motion to Dismiss the Arbitration is submitted with this filing.  *See* Exhibit E, F.  This document cannot reasonably be in dispute.  Accordingly, judicial notice of these facts is proper under Federal Rule of Evidence 201 and because the Motion to Dismiss the Arbitration is relevant to TCS' request in this litigation for stay.

**IV.**
**CONCLUSION & PRAYER**

Therefore, for the reasons stated above, MetroPCS respectfully requests that this Court take judicial notice of the fact that TCS (1) filed the Motion Dismiss or, in the Alternative, Stay in the

Arbitration and (2) took positions in that pleading inconsistent with its pleadings in this matter. MetroPCS further requests all other relief to which it may be entitled.

September 1, 2009                                       Respectfully submitted,

                                                        **FULBRIGHT & JAWORSKI L.L.P.**


                                                        **By**      /s/ *Matthew H. Kirkland*

                                                        Matthew H. Kirtland
                                                            Md. State Bar No. 26089
                                                        801 Pennsylvania Avenue, N.W.
                                                        Washington, DC 20004-2623
                                                        Telephone:  202.662.0200
                                                        Facsimile:  202.662.4643
                                                        E–mail:  mkirtland@fulbright.com

                                                        Brett C. Govett (admitted *pro hac vice*)
                                                        2200 Ross Avenue, Suite 2800
                                                        Dallas, Texas 75201
                                                        Telephone:  214.855.8000
                                                        Facsimile:  214.855.8200
                                                        E–mail:  bgovett@fulbright.com


                                                        ATTORNEYS FOR PLAINTIFF,
                                                        METROPCS WIRELESS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September, 2009, a true and correct copy of the foregoing instrument was served on all parties by electronic filing with the Clerk of the United States District Court for the District of Maryland.

/s/ *Matthew H. Kirkland*
Mathew H. Kirkland