IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METROPCS WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELECOMMUNICATION SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 1:09-CV-00601-WDQ |

**DEFENDANT TELECOMMUNICATION SYSTEMS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE OF DEFENDANT TCS' CONTRADICTORY LITIGATION AND ARBITRATION FILINGS**

Defendant TeleCommunication Systems, Inc. ("TCS"), by and through its attorneys, hereby files this Response to the Motion to Take Judicial Notice of Defendant TCS' Contradictory Litigation and Arbitration Filings ("Motion") filed by Plaintiff MetroPCS Wireless, Inc. ("MetroPCS").

**INTRODUCTION**

MetroPCS's Motion is an attempt to punish TCS for the mess that MetroPCS itself has created by filing parallel proceedings before two unconnected tribunals. TCS has been forced to defend itself on two fronts regarding allegations growing out of a single complaint. Unavoidably, such an awkward procedural posture has made it necessary for TCS to plead in the alternative with regards to the two parallel proceedings. There is nothing inconsistent about the positions TCS has taken in the two proceedings. MetroPCS's fear that TCS's motions before the two tribunals could result in "simultaneous stays in both proceedings," Motion at 4, is a product not of inconsistent or contradictory positions, but of the procedural morass created and

maintained by MetroPCS. In fact, MetroPCS's filing lends further support to TCS's position that these two proceedings should not be allowed to run separately and concurrently.

This Court, of course, has the discretion to take judicial notice of the fact that these parallel proceedings exist, and the fact that TCS has filed motions in each proceedings. However, MetroPCS's opinions about what may or may not be inconsistent or contradictory are not the sort of undisputed "adjudicative facts" contemplated by Federal Rule of Evidence 201.

## ARGUMENT

### I.  MetroPCS's Opinions Regarding TCS's Filings Are Not Appropriate for Judicial Notice

Federal Rule of Evidence 201 provides that a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Instead, MetroPCS asks this Court to take notice that "TCS took a position inconsistent with and contradictory to one it has taken in this action." Motion at 1. This is nothing more than MetroPCS's opinion regarding the nature of TCS's filings, an opinion that TCS certainly disputes. As such, MetroPCS's opinion is not a fact appropriate for judicial notice. *See Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 218-19 (4th Cir. 1993) (reversing a decision wherein the trial court took judicial notice of a disputed fact).

### II.  TCS's Filings Are Not Inconsistent

TCS's motions to dismiss in the litigation and arbitration do not represent inconsistent or contradictory positions. Rather, they represent necessary alternative pleadings in a procedural morass where TCS is required to defend itself before two separate tribunals on the exact same issues. Indeed, it would have been inconsistent if TCS had moved to stay one proceeding but not the other.

TCS moved to dismiss both this litigation and the parallel arbitration on the grounds that the underlying claims in the Texas Litigation do not trigger TCS's duties under the virtually identical "IP Claims" sections of the respective agreements. In the alternative, TCS requested that this litigation be consolidated with the parallel arbitration. TCS also requested, in the alternative, that the litigation be stayed pending resolution of the arbitration, and that the arbitration be stayed pending resolution of the litigation. These positions are entirely consistent.

What is inconsistent, and what MetroPCS is actually concerned about, is the possibility that both this Court and the arbitration panel could choose to stay their relative proceedings. *See* Motion at 4. This potentially "inconsistent" result would not be the fault of TCS. Rather, it is simply one of several inconsistent or untenable outcomes that could occur as a result of MetroPCS's parallel proceedings before two different tribunals. For example, if this Court and the arbitration panel both were to find for MetroPCS and award damages, MetroPCS could receive double recovery. Or, if one tribunal were to rule in MetroPCS's favor and one were to rule in TCS's favor, TCS could be left in the bizarre and untenable position of having to indemnify and/or defend MetroPCS against allegations in the Texas Complaint dealing with one agreement but not the other, despite the fact that it is entirely unclear from the text of the Texas Complaint which claims would allegedly relate to which agreement. Indeed, MetroPCS's spectre of "simultaneous stays" may very well be the ***least*** inconsistent result possible, as both tribunals could stay their respective proceedings pending resolution of the Texas Litigation, at which point it would be easier to determine MetroPCS's underlying liability, if any.

MetroPCS's Motion, which, together with its exhibits, is well over 600 pages long, serves as a prime example of TCS's position that conducting parallel proceedings before two independent tribunals is an egregious waste of judicial resources and the resources of the parties.

MetroPCS's implicit suggestion that it was forced to file parallel proceedings because of the language of the respective agreements is without merit.  *See* Motion at 2.  While it is true that the E9-1-1 Agreement requires disputes to be resolved through arbitration, *see* E9-1-1 Agreement § 9.3, the NS Agreement provides only that disputes "may" be resolved through litigation, *see* NS Agreement § 9.3, and does not prohibit resolution through arbitration.  MetroPCS could have brought its claims under ***both*** agreements in one arbitration, thereby conserving the resources of the parties, and avoiding the waste of judicial resources this Court has suffered and will continue to suffer as a result of MetroPCS's parallel proceedings.  Instead, MetroPCS made a ***choice*** to separate its claims and present them to two separate tribunals, and it is the procedural morass caused by MetroPCS's decision that has required TCS to file alternative pleadings that MetroPCS now decries as inconsistent.

TCS reiterates that the most efficient disposition of this proceeding would be to either dismiss MetroPCS's Complaint outright, consolidate this proceeding with the ongoing arbitration, or stay this proceeding pending resolution of the arbitration.  TCS's support for its position is well laid out in its Motion to Dismiss, and MetroPCS's Motion to Take Judicial Notice could serve as an additional exhibit to TCS's Motion, illustrating the waste and inefficiency caused by parallel proceedings before two separate tribunals.

## CONCLUSION

For all the foregoing reasons, MetroPCS's Motion to Take Judicial Notice should be DENIED.

                                                                                                        _____/s/_____
Hugh J. Marbury (Fed. Bar No. 24653)
Benjamin D. Schuman (Fed. Bar No. 28829)
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209
410-580-3000 (telephone)
410-580-3001 (facsimile)

Attorneys for Defendant TeleCommunication Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2009, a copy of the foregoing Response to Plaintiff's Motion to Take Judicial Notice of Defendant TCS' Contradictory Litigation and Arbitration Filings was sent via e-mail and first-class mail, postage pre-paid, to:

>Brett C. Govett
>Shea R. Haass
>Fulbright & Jaworski LLP
>2200 Ross Avenue Ste 2800
>Dallas, TX 75201
>bgovett@fulbright.com
>shaass@fulbright.com
>
>Matthew H. Kirtland
>Fulbright & Jaworski LLP
>Market Square
>801 Pennsylvania Avenue NW
>Washington, DC 20004
>mkirtland@fulbright.com

_____/s/_____
Hugh J. Marbury