IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METROPCS WIRELESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TELECOMMUNICATION SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 1:09-CV-00601-WDQ |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant TeleCommunication Systems, Inc. ("TCS" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer to the Complaint filed by MetroPCS Wireless, Inc. ("MetroPCS" or "Plaintiff").

### PARTIES

1.  Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and, therefore, denies the same.

2.  Defendant admits the allegations in this paragraph.

### JURISDICTION AND VENUE

3.  Defendant states that the allegations contained in this paragraph state legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant does not challenge the jurisdiction of this Court.

4.  Defendant states that the allegations contained in this paragraph state legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant does not challenge venue in this Court.

## SUMMARY OF DISPUTE

5.      Defendant admits that there is a lawsuit pending against MetroPCS in the United States District Court for the Eastern District of Texas styled *EMSAT Advanced Geo-Location Technology, LLC et al. v. MetroPCS Communications, Inc. et al.* ("Texas Litigation" or "Texas Complaint"). Defendant further admits that it entered into a Network Services Agreement ("NS Agreement") with MetroPCS in November 2007. To the extent that MetroPCS attempts to summarize or otherwise characterize the provisions of the NS Agreement, Defendant states that the NS Agreement speaks for itself. Defendant denies the remaining allegations in this paragraph.

6.      Defendant states that, to the extent MetroPCS attempts to summarize or otherwise characterize the Texas Complaint (attached as Exhibit B to MetroPCS's Complaint), the Texas Complaint speaks for itself. Defendant notes that MetroPCS claimed in a related arbitration that TCS's provision of E9-1-1 services – and not LBS – was the "core allegation in the Federal Court Action." Defendant admits that MetroPCS notified it of the Texas Litigation and demanded that TCS defend, indemnify, and hold harmless MetroPCS from that litigation. Defendant denies that it provides any LBS applications to MetroPCS. Defendant denies the remaining allegations in this paragraph.

## STATEMENT OF FACTS

7.      Defendant states that no responsive pleading is required for the generalized allegations in this paragraph.

8.      Defendant states that no responsive pleading is required for the generalized allegations in this paragraph.

9.      Defendant is without knowledge or information sufficient to form a belief as to the allegations concerning MetroPCS's business model, and therefore denies the same. To the

extent MetroPCS attempts to summarize or otherwise characterize the NS Agreement, Defendant states that the NS Agreement speaks for itself. Defendant denies that MetroPCS uses its "necessary technology and TCS equipment" to provide LBS services to its customers and instead uses the services and technology of a competitor. Defendant denies the remaining allegations in this paragraph.

10. Defendant admits that it entered into the NS Agreement with MetroPCS on November 12, 2007. To the extent MetroPCS attempts to summarize or otherwise characterize the NS Agreement, Defendant states that the NS Agreement speaks for itself. Defendant denies that MetroPCS "uses TCS' technology and services to provide LBS to its customers." Defendant denies the remaining allegations in this paragraph.

11. Defendant admits that MetroPCS was sued in Federal Court on or about October 7, 2008. To the extent that MetroPCS attempts to summarize or otherwise characterize the Texas Complaint, Defendant states that the Texas Complaint speaks for itself.

12. To the extent that MetroPCS attempts to summarize or otherwise characterize the Texas Complaint, Defendant states that the Texas Complaint speaks for itself. Defendant denies that it provides any LBS applications to MetroPCS. Defendant denies the remaining allegations in this paragraph.

13. To the extent MetroPCS attempts to summarize or otherwise characterize the NS Agreement, Defendant states that the NS Agreement speaks for itself. Defendant denies that it provides any LBS service and technology to MetroPCS. Regarding MetroPCS's statement that "[w]ithout the LBS provided by TCS, MetroPCS would need to contract with a third party for such LBS technology or buy and license such technology from third parties and install and operate it itself," Defendant states that MetroPCS has in fact contracted with other third parties,

including Loopt, Inc., for such LBS technology and services. Defendant denies the remaining allegations in this paragraph.

14. The allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

15. Defendant admits that it received a notice from MetroPCS dated October 21, 2008, informing it of the Texas Litigation and demanding that TCS defend, indemnify, and hold harmless MetroPCS against that litigation. The remaining allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the remaining allegations in this paragraph.

16. Defendant admits that it responded to MetroPCS on November 5, 2008, stating that it was not required to defend, indemnify, and hold harmless MetroPCS.

17. The allegations in this paragraph state legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

**CAUSES OF ACTION**

**A. Declaratory Judgment**

18. Defendant re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant states that this Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009. To the extent that a response is deemed necessary, Defendant states that the NS Agreement speaks for itself. Defendant denies the remaining allegations in this paragraph.

20. Defendant states that this Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009. Further, the allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent that a response is deemed necessary, Defendant states that the Texas Complaint speaks for itself. Defendant denies that the Texas Plaintiffs alleged that MetroPCS infringes the Patents "by its use of TCS' LBS service and technology." Defendant admits that MetroPCS notified TCS of the Federal Court Action and demanded that TCS defend, indemnify, and hold MetroPCS harmless from the claims in the Federal Court Action, but denies the remaining allegations in this paragraph.

**B. Specific Performance**

21. Defendant re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant states that this Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009. To the extent that a response is deemed necessary, Defendant states that the NS Agreement and Texas Complaint speak for themselves. Defendant denies that the Texas Plaintiffs allege "that TCS' LBS service and technology infringes the Patents." Defendant denies the remaining allegations in this paragraph.

23. Defendant states that this Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009. Further, the allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent that a response is deemed necessary, Defendant states that the Texas Complaint speaks for itself. Defendant denies that the Texas Plaintiffs alleged that MetroPCS infringes the Patents "by its use of TCS' LBS service and technology." Defendant admits that MetroPCS notified TCS of the Federal Court Action and demanded that TCS defend, indemnify, and hold MetroPCS harmless

from the claims in the Federal Court Action, but denies the remaining allegations in this paragraph.

### C. Breach of NS Agreement

24. Defendant re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. The allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

26. The allegations in this paragraph state a legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

### D. Common-Law Indemnification

27-29. This Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009.

### E. Common-Law Contribution

30-32. This Cause of Action was dismissed pursuant to the Court's Memorandum Opinion and Order filed October 20, 2009.

Answering the WHEREFORE paragraph immediately following paragraph 32 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any damages or relief of any type or kind whatsoever from TCS.

### **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief could be granted.

**Second Affirmative Defense**

Defendant does not provide LBS applications or the accused technology to MetroPCS.

**Third Affirmative Defense**

Plaintiff's claims are barred by Section 7.4 of the NS Agreement to the extent that the allegations of the Texas Complaint arise out of MetroPCS's unauthorized use, negligent use, or misuse of any TCS product or service.

**Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

**Eighth Affirmative Defense**

Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after a reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Defendant reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays this Court for judgment that:

A.   Plaintiff's claims against Defendant TCS be DISMISSED with prejudice;

B.   Defendant be awarded its costs incurred in this suit; and

8

   C.      The Court award Defendant such other and further relief as it deems proper.

                Respectfully submitted,

              _____/s/_____
              Hugh J. Marbury (Fed. Bar No. 24653)
              Benjamin D. Schuman (Fed. Bar No. 28829)
              DLA PIPER LLP (US)
              6225 Smith Avenue
              Baltimore, Maryland  21209
              410-580-3000 (telephone)
              410-580-3001 (facsimile)

              Attorneys for Defendant TeleCommunication Systems, Inc.