**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **METROPCS WIRELESS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 1:09-CV-00601-WDQ** |
| | ) |
| **TELECOMMUNICATION SYSTEMS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-18)**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff MetroPCS Wireless, Inc.

("MetroPCS") responds to Defendant TeleCommunications, Inc.'s ("TCS") First Set of

Interrogatories as follows:

**GENERAL OBJECTIONS**

A.      MetroPCS objects to the Interrogatories, Definitions, and Instructions to the

extent that they call for information that is subject to and protected by the attorney-client

privilege, the attorney work product doctrine, and/or any other applicable privilege.

B.      MetroPCS objects to the Interrogatories, Definitions, and Instructions to the

extent that they seek to impose an obligation beyond those required by the Federal Rules of Civil

Procedure or any applicable Local Rules of the District of Maryland.

C.      MetroPCS objects to the Interrogatories, Definitions, and Instructions to the

extent that they are overly broad, unduly burdensome, cumulative of information already in the

possession, custody, or control of TCS, seek information that is more conveniently or less

expensively obtained from another source, or seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

       D.      MetroPCS objects to the Interrogatories, Definitions, and Instructions to the extent that they seek information that is not within the knowledge, possession, custody, or control of MetroPCS, or is already within the knowledge, possession, custody, or control of TCS.

       E.      MetroPCS objects to the Definition of "Location Based Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other than the Location Based Services provided to MetroPCS by TCS that gave rise to the infringement claims asserted in *EMSAT Advanced Geo-Location Technology, LLC et al. v. MetroPCS Communications, Inc. et al.*, Case No. 2:08-CV-381 (E.D. Tex. 2008) ("the Texas Suit").  Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, Interrogatories that include "Location Based Services" are overly broad, unduly burdensome, and therefore, are not reasonably calculated to lead to the discovery of admissible evidence.

       F.      MetroPCS objects to the Definition of "Component of Location Based Services" as misleading for the reasons set forth in the objection to the Definition of "Location Based Services" above.  MetroPCS further objects to the Definition of "Components of Location Based Services" on the grounds that to the extent that the Definition of "Location Based Services" is overly broad, the Definition of "Components of Location Based Services" is even broader, and is therefore unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

       G.      MetroPCS reserves the right to supplement its responses to these Interrogatories as new information becomes available and as required by the Federal Rules of Civil Procedure.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**    Identify all Entities by name and address who Provide any Component of Location Based Services to METROPCS, and the Components of Location Based Services that such Entities Provide to METROPCS.

**RESPONSE:** OBJECTION. MetroPCS objects to the Definition of "Location Based Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other than the Location Based Services provided to MetroPCS by TCS that gave rise to the infringement claims asserted in the Texas Suit.  Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad, unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence.  Based on the definition that TCS seeks to impart to "Location Based Services," the "Components of Location Based Services" would seemingly include, and indeed does include based on the Definition of "Components of Location Based Services," any and all products and/or services used to operate a wireless network, and therefore, this interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, MetroPCS responds that the only relevant Location Based Service components are the positioning determining engine ("PDE") service, which has been provided by TCS and Loopt, Inc. ("Loopt"), 590 W. El Camino Real, Mountain View, CA 94040, and the MetroNavigator application provided by Networks In Motion ("NIM"), 6A Liberty, Suite 200, Alisa Viejo, CA 92656.  NIM is currently owned by TCS.  MetroPCS' Location Based Services were originally offered using solely the TCS PDE

service and continue to be offered using the TCS PDE service as a portion of the total MetroPCS

traffic continues to be routed to the TCS PDE service and MetroPCS continues to make at least

the contract minimum payment plus tax each month.

**INTERROGATORY NO. 2:**    Identify all Components of Location Based Services
Provided to METROPCS by Loopt.

**RESPONSE:**   OBJECTION.  MetroPCS objects to the Definition of "Location Based

Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other

than the Location Based Services provided to MetroPCS by TCS which gave rise to the

infringement claims asserted in the Texas Suit.  Because TCS defines "Location Based Services"

to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad,

unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of

admissible evidence.  Based on the definition that TCS seeks to impart to "Location Based

Services," the "Components of Location Based Services" would seemingly include, and indeed

does include based on the Definition of "Components of Location Based Services," any and all

products and/or services used to operate a wireless network, and therefore, this interrogatory is

overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of

admissible evidence.

Subject to and without waiving the foregoing objections, MetroPCS responds that the

only relevant Location Based Service component provided by Loopt is the Loopt PDE service.

**INTERROGATORY NO. 3:**    Identify all Components of Location Based Services
Provided to METROPCS by Intrado.

**RESPONSE:**   OBJECTION.  MetroPCS objects to the Definition of "Location Based

Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other

than the Location Based Services provided to MetroPCS by TCS which gave rise to the infringement claims asserted in the Texas Suit. Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad, unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence. Based on the definition that TCS seeks to impart to "Location Based Services," the "Components of Location Based Services" would seemingly include, and indeed does include based on the Definition of "Components of Location Based Services," any and all products and/or services used to operate a wireless network, and therefore, this interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, MetroPCS responds that Intrado has never provided PDE service or any Location Based Services to MetroPCS.

**INTERROGATORY NO. 4:**    Identify all METROPCS products and services which Relate to Location Based Services.

**RESPONSE:**   OBJECTION. MetroPCS objects to the Definition of "Location Based Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other than the Location Based Services provided to MetroPCS by TCS which gave rise to the infringement claims asserted in the Texas Suit. Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad, unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, MetroPCS

responds that the only relevant MetroPCS product is the MetroNavigator application from NIM,

and the only relevant MetroPCS services are the TCS PDE services and the Loopt PDE services.

**INTERROGATORY NO. 5:**   For each product and service identified in Your response to Interrogatory No. 4, identify the date on which METROPCS began Providing or offering to Provide such service or product to its customers and the date on which METROPCS stopped Providing or offering to Provide such service or product to its customers.

**RESPONSE:**   OBJECTION.   This interrogatory seeks to combine two interrogatories

into one.   As such, Interrogatory No. 5 will be treated as two separate interrogatories for

purposes of the limits imposed by Federal Rule of Civil Procedure 33.   Subject to and without

waiving the foregoing objections, MetroPCS began offering MetroNavigator to its customers on

December 30, 2008 and continues to do so.

**INTERROGATORY NO. 6:**   Identify all METROPCS products and services by name that any party in the EMSAT Litigation contends are encompassed by the infringement allegations of the EMSAT Litigation.

**RESPONSE:**   Subject to and without waiving the foregoing objections, MetroPCS

responds that the only relevant MetroPCS product is the MetroNavigator application.

**INTERROGATORY NO. 7:**   Identify all claims of the Patents-In-Suit asserted by EMSAT in the EMSAT Litigation for which METROPCS contends TCS must "defend, indemnify and hold harmless" METROPCS under the Network Services Agreement.

**RESPONSE:**   Subject to and without waiving the foregoing objections, MetroPCS

responds that TCS must defend, indemnify, and hold MetroPCS harmless under the Network

Services Agreement for one or more claims of U.S. Patent No. 5,946,611, one or more claims of

U.S. Patent No. 6,324,404, one or more claims of U.S. Patent No. 6,847,822, one or more claims

of U.S. Patent No. 7,289,763, and any other claims subsequently asserted by the plaintiffs in the

Texas Suit based on the  Location Based Services provided by TCS to MetroPCS.

**INTERROGATORY NO. 8:**   For each claim identified in Your response to Interrogatory No. 7, provide a claim chart indicating on a element-by-element basis how the products or services TCS provides to MetroPCS are alleged to meet each claim element.

**RESPONSE:**  OBJECTION.  MetroPCS objects to this interrogatory as overly broad, unduly burdensome, and completely irrelevant to any claim or defense in the case as TCS' obligations to MetroPCS are not dependent on actual infringement of any of the claims asserted in the Texas Suit by either TCS or MetroPCS.  Therefore, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**   Identify all products and services which You contend are covered under section 7.4 of the Network Services Agreement.

**RESPONSE:**  Subject to and without waiving the foregoing objections, MetroPCS responds that the Location Based Services provided by TCS to MetroPCS under the Network Services Agreement are covered under section 7.4 of the Network Services Agreement.

**INTERROGATORY NO. 10:**   Identify by name and title all persons with knowledge of MetroPCS's Location Based Services.

**RESPONSE:**  OBJECTION.  MetroPCS objects to the Definition of "Location Based Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other than the Location Based Services provided to MetroPCS by TCS which gave rise to the infringement claims asserted in the Texas Suit.  Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad, unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence.  The properly defined Location Based Services are those provided to MetroPCS by TCS and employees of TCS are therefore the most knowledgeable about the

Location Based Services and therefore this interrogatory is essentially directed towards information that is already within the possession, custody, and control of TCS.  Because of the broad construction that TCS has given to Location Based Services, this interrogatory requests the names and titles of every MetroPCS employee and countless other individuals, including MetroPCS customers and vendors, and therefore, this interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence.

**INTERROGATORY NO. 11:**  Identify by name and title all persons with knowledge of the Components of Location Based Services utilized by METROPCS.

**RESPONSE:** OBJECTION. MetroPCS objects to the Definition of "Location Based Services" as misleading in that TCS seeks to give "Location Based Services" a meaning other than the Location Based Services provided to MetroPCS by TCS which gave rise to the infringement claims asserted in the Texas Suit.  Because TCS defines "Location Based Services" to give it an unreasonably broad and legally irrelevant scope, this interrogatory is overly broad, unduly burdensome, and therefore, is not reasonably calculated to lead to the discovery of admissible evidence.  Based on the definition that TCS seeks to impart to "Location Based Services," the "Components of Location Based Services" would seemingly include, and indeed does include based on the Definition of "Components of Location Based Services," any and all products and/or services used to operate a wireless network, and therefore, this interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence.

**INTERROGATORY NO. 12:**  Identify by name and title all persons with knowledge of the Network Services Agreement.

**RESPONSE:**  OBJECTION.  MetroPCS objects to this interrogatory to the extent that it calls for information that is subject to and protected by the attorney-client privilege and/or the attorney work product doctrine.   Subject to and without waiving the foregoing objections, MetroPCS responds that the following have knowledge of the Network Services Agreement:

| | |
|---|---|
| Malcolm Lorang | Sr. Vice President and Chief Technology Officer |
| Ed Chao | Senior Vice President, Engineering & Network Operations |
| Ken Geisheimer | Manager of Corporate Engineering |
| Todd Linquist | Vice President, Product Management |
| Stephen Jemente | Product Manager of Location Based Services |
| Ron Unger | Vice President, Corporate Engineering |
| Chris Luna | Staff Vice President and Assistant General Counsel |

**INTERROGATORY NO. 13:**   Identify by name and title all persons involved in the negotiations of the Network Services Agreement.

**RESPONSE:**  OBJECTION.  MetroPCS objects to this interrogatory to the extent that it calls for information that is subject to and protected by the attorney-client privilege and/or the attorney work product doctrine.  MetroPCS further objects to this interrogatory on the grounds that the Network Services Agreement speaks for itself and any information outside of the four corners of that document necessarily constitutes inadmissible parol evidence and this interrogatory is therefore not reasonably calculated to lead to the discovery of admissible evidence.  *See* Network Services Agreement, Merger Clause, at § 9.11.  Subject to and without waiving any of the foregoing objections, MetroPCS responds that the following were involved in the negotiations of the Network Services Agreement:

| Malcolm Lorang | Sr. Vice President and Chief Technology Officer |
| Todd Linquist | Vice President, Product Management |
| Chris Luna | Staff Vice President and Assistant General Counsel |

**INTERROGATORY NO. 14:**   State all facts on which METROPCS bases its assertion that TCS must "defend, indemnify and hold harmless" METROPCS under the Network Services Agreement for the products and services accused of infringement in the EMSAT Litigation.

**RESPONSE:**   Subject to and without waiving any of the foregoing objections, MetroPCS responds that the facts that prove that TCS must defend, indemnify, and hold MetroPCS harmless under the Network Services Agreement are the complaints filed in the Texas Suit and the Network Services Agreement itself.

**INTERROGATORY NO. 15:**   Identify all Prior Art that METROPCS has asserted or will assert in the EMSAT Litigation including author, title, date of publication, publication source (e.g., journal name, book name) for each Prior Art reference identified and, if applicable, manufacturer, date of sale and/or offer for sale, model name and model number for all Prior Art devices.

**RESPONSE:** OBJECTION.  MetroPCS objects to this interrogatory on the grounds that any prior art that MetroPCS may have asserted or will assert in the Texas Suit is completely irrelevant to any claim or defense in this case.  As such, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any of the foregoing objections, MetroPCS responds that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing responsive and non-objectionable documents to be produced in response to TCS' First Set of Requests for Document Production.

**INTERROGATORY NO. 16:**   Itemize all expenses and costs incurred in the EMSAT Litigation by MetroPCS.

**RESPONSE:** Subject to and without waiving any of the foregoing objections, MetroPCS responds that all expenses and costs incurred in the Texas Suit have already been sufficiently itemized in submissions served on TCS with respect to the arbitration panel's order that resulted in MetroPCS filing a petition for costs and attorneys fees that MetroPCS incurred as a result of TCS defaulting on its indemnification obligations under the E9-1-1 Agreement between the parties. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing documents already served on TCS relating to MetroPCS' petition for costs and attorneys fees filed in the arbitration proceeding and from non-objectionable documents to be produced in response to TCS' First Set of Requests for Document Production. MetroPCS will continue to submit and serve supplementary itemizations for expenses and costs incurred in the Texas Suit as necessary because TCS continues to defy the arbitration panel's order by refusing to assume the defense of MetroPCS in the Texas Suit.

**INTERROGATORY NO. 17:** For each expense and/or cost itemized in Your response to Interrogatory No. 16, identify to which claim and/or defense asserted in the EMSAT Litigation such expense was incurred.

**RESPONSE:** Subject to and without waiving the foregoing objections, MetroPCS responds that all expenses and costs incurred in the Texas Suit have already been sufficiently itemized in submissions served on TCS with respect to the arbitration panel's order that resulted in MetroPCS filing a petition for costs and attorneys fees that MetroPCS incurred as a result of TCS defaulting on its indemnification obligations under the E9-1-1 Agreement between the parties. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing documents

already served on TCS relating to MetroPCS' petition for costs and attorneys fees filed in the

arbitration proceeding and from non-objectionable documents to be produced in response to

TCS' First Set of Requests for Document Production.  MetroPCS will continue to submit and

serve supplementary itemizations for expenses and costs incurred in the Texas Suit as necessary

because TCS continues to defy the arbitration panel's order by refusing to assume the defense of

MetroPCS in the Texas Suit.

**INTERROGATORY NO. 18:**  State all facts on which METROPCS bases its
contention that EMSAT alleges in the EMSAT Litigation that METROPCS's use of the
technology and services provided to METROPCS by TCS Infringes the Patents-In-Suit.

**RESPONSE:**  OBJECTION.  MetroPCS objects to this interrogatory as completely

irrelevant to any claim or defense in the case as TCS' obligations to MetroPCS are not dependent

on actual infringement of any of the claims asserted in the Texas Suit by either TCS or

MetroPCS.  Therefore, this interrogatory is not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving any of the foregoing objections, MetroPCS

responds that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory

may be determined by examining, auditing, compiling, abstracting, or summarizing responsive

and non-objectionable documents to be produced in response to TCS' First Set of Requests for

Document Production.

January 8, 2010                              Respectfully submitted,


                                             **FULBRIGHT & JAWORSKI L.L.P.**


                                             */s/ Matthew H. Kirtland_____*
                                             Matthew H. Kirtland
                                             Md. State Bar No. 26089
                                             801 Pennsylvania Avenue, N.W.
                                             Washington, DC 20004-2623
                                             Telephone:  202.662.0200
                                             Facsimile:  202.662.4643
                                             E-mail:  mkirtland@fulbright.com


                                             Brett C. Govett
                                             2200 Ross Avenue, Suite 2800
                                             Dallas, Texas 75201
                                             Telephone:  214.855.8000
                                             Facsimile:  214.855.8200
                                             E–mail:  bgovett@fulbright.com

                                             **ATTORNEYS FOR PLAINTIFF METROPCS
                                             WIRELESS, INC.**


                      <u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that a copy of the foregoing Plaintiff's Objections and Responses to

Defendant's First Set of Interrogatories (Nos. 1-18) was served on counsel for Defendant on this

the 8th day of January 2010.


                                             */s/ Matthew H. Kirtland____*
                                             Matthew H. Kirtland