

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Hugh J. Marbury
hugh.marbury@dlapiper.com
T  410.580.4205
F  410.580.3205

January 22, 2010
VIA E-MAIL

Brett C. Govett
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

Re:   MetroPCS Wireless, Inc. v. TeleCommunication Systems, Inc., No. 1:09-cv-00601
      Meet & Confer Regarding Discovery Responses

Dear Brett:

We received your objections and responses to our Interrogatories and Requests for Production served on Friday, January 8, 2010.  Please consider this letter to be our good faith effort to resolve our discovery disputes.  Given the current discovery schedule, we hope to resolve these issues quickly without the necessity of motions practice.

**General Objections E & F**

In both responses, you object to TCS's definition of "Location Based Services" (and "Component of Location Based Services") as seeking to give the term "a meaning other than the Location Based Services provided to MetroPCS by TCS that gave rise to the infringement claims asserted in" the Texas Litigation.  The Court has yet to determine whether the Location Based Services TCS agreed to provide under the NS Agreement give rise to the infringement claims in the Texas Litigation.  Because the central question of this lawsuit is whether the LBS allegations in the Texas Litigation refer to services provided by TCS or to other types of services MetroPCS receives from other third parties, TCS is entitled to discovery regarding Location Based Services that MetroPCS receives **other than** the services TCS agreed to provide under the NS Agreement.  This includes LBS outside of the definition in the NS Agreement.  This definition does not, as you suggest in your response to several interrogatories, include "any and all products and/or services used to operate a wireless network," but only those products and services that incorporate, use and/or employ location information of a mobile device.  Such an inquiry is not unduly broad or burdensome, and is certainly relevant to the factual determination the Court must make.

We offered examples of Location Based Services ("products and services set forth at www.metropcs.com under the categories 'Mobile Web & Social Networking' and 'Maps and Directions'") in order to specify the types of services about which we were seeking information.  For clarification purposes, however, we will edit the first sentence of our definition of Location Based Services as "any and all products and services which incorporate, use and/or employ location information **(i.e., GPS location information or other means of supplying longitude and latitude)** of a mobile device."  This clarification should alleviate your concerns of overbreadth.  Please supplement all discovery responses in which you refuse to respond on the basis of this objection.

**DLA PIPER**

Brett Govett
January 22, 2010
Page Two

**Interrogatories**

**INTERROGATORY NO. 2:** TCS asked MetroPCS to identify all Components of Location Based Services provided to MetroPCS by Loopt. MetroPCS responded that the only "relevant" LBS component provided by Loopt is its PDE. It is not MetroPCS's prerogative to decide which of its LBS applications and services are relevant to the dispute. Until recently, MetroPCS advertised Loopt LBS applications on its website. *See* Ex. D to TCS's Opp. to MetroPCS's Mot. for Summ. J. Accordingly, please supplement this response with information about Loopt applications and any other LBS Components Loopt provided to MetroPCS.

**INTERROGATORY NO. 5:** TCS asked MetroPCS to identify the date on which it began providing or offering to provide the services and products identified in its answer to Interrogatory No. 4, as well as the date on which it stopped providing or offering such services and products. Your answer only references the MetroNavigator application, but your answer to Interrogatory No. 4 also includes the TCS PDE and Loopt PDE services. Please supplement this response accordingly, and also identify the dates on which MetroPCS began offering and stopped offering LBS applications from Loopt, Research In Motion, uLocate, and any other third parties.

**INTERROGATORY NO. 7:** TCS asked MetroPCS to identify all claims of the Patents-In-Suit asserted by EMSAT for which MetroPCS believes TCS has a duty to defend, indemnify, and hold harmless. Instead, MetroPCS responded that it believes TCS must defend, indemnify, and hold MetroPCS harmless for "one or more claims" of each Patent. This response is nonresponsive to the interrogatory because TCS is asked for **specific claims** of the Patents-In-Suit, not general allegations about the patents as a whole. TCS is aware from the docket in the Texas Litigation that EMSAT has served MetroPCS with its infringement contentions, and therefore MetroPCS should have substantial detail regarding exactly which claims of the Patents-In-Suit EMSAT is asserting. Please supplement this response accordingly.

**INTERROGATORY NO. 8:** TCS asked MetroPCS to provide an element-by-element claim chart detailing how it believes TCS's services meet the elements of the claims asserted by EMSAT. MetroPCS refused to do so on the grounds that TCS's request was overly broad, unduly burdensome, and irrelevant, and states that "TCS' obligations to MetroPCS are not dependent on actual infringement of any of the claims asserted." This interrogatory, however, is not aimed at determining actual infringement, but rather is asking for MetroPCS's specific reasoning as to why it believes that the specific claims of the Patents-In-Suit relate to the specific services TCS agreed to provide under the NS Agreement. Such an inquiry is directly relevant to the central question of this dispute, *i.e.*, whether the specific allegations in the Texas Complaint refer to services provided by TCS. Please supplement this response accordingly.

**INTERROGATORY NO. 18:** TCS asked MetroPCS to state all facts supporting its contention that EMSAT alleges that MetroPCS's use of TCS's services infringes the Patents-In-Suit. Again, MetroPCS

**DLA PIPER**

Brett Govett
January 22, 2010
Page Three

asserts that "TCS' obligations to MetroPCS are not dependent on actual infringement of any of the claims asserted." As with Interrogatory No. 8, TCS is not asking about actual infringement, but rather is asking for MetroPCS's reasoning as to why EMSAT's allegations trigger the specific language in Section 7.4 of the NS Agreement. Please supplement this response accordingly.

**Requests for Production**

**General Objection**: The parties executed and filed a Protective Order on January 13, 2010, and the Court approved the Protective Order on January 14, 2010. This should alleviate any concerns MetroPCS has regarding production of documents, including third-party documents.

**REQUEST FOR PRODUCTION NOS. 2, 3, 9, AND 10:** In these requests for production, TCS asked MetroPCS to provide documents regarding (#2) entities that provide Components of Location Based Services to MetroPCS, (#3) all agreements between MetroPCS and those entities, (#9) all products and services provided to MetroPCS by those entities, and (#10) MetroPCS's contention that it does not infringe one or more of the Patents-In-Suit in the Texas Litigation. For each of these requests for production, MetroPCS objects to TCS's supposed attempt "to give 'Location Based Services' a meaning other than the Location Based Services provided to MetroPCS by TCS that give rise to the infringement claims asserted in the Texas Suit." MetroPCS insists that the only relevant LBS product or services is the PDE service provided to MetroPCS by TCS, and refuses to provide documents related to any other LBS product or service it receives from any other third-party.

As stated previously, TCS has clarified its definition of "Location Based Services" to restrict its scope to "any and all products and services which incorporate, use and/or employ location information **(i.e., GPS location information or other means of supplying longitude and latitude)** of a mobile device." Moreover, it is not MetroPCS's prerogative to decide which LBS products and services are relevant or irrelevant to either this proceeding or the Texas Litigation. For example, there is nothing in the Texas Complaint to indicate, and this Court has made no determination, that PDE services are the "only relevant product or service provided to MetroPCS by any third party," or that "the Location Based Services at issue in this case are those provided by TCS to MetroPCS." Indeed, TCS recently learned that EMSAT made infringement allegations regarding MetroPCS's provision of the Blackberry Maps and Where LBS applications. Please supplement these responses accordingly and produce documents in accordance with these requests that reference **all** entities that provide MetroPCS with components of Location Based Services, including PDE services, LBS applications, and any other components.

**REQUEST FOR PRODUCTION NOS. 4 AND 5:** MetroPCS's responses to these requests reference "Ex. 1, Protective Order in Texas Suit," but no such Exhibit 1 was attached to the responses. Please forward the Protective Order and we will sign whatever is necessary to ensure confidential treatment of documents in the Texas Suit.

**DLA PIPER**

Brett Govett
January 22, 2010
Page Four

**REQUEST FOR PRODUCTION NOS. 13, 14, AND 15:** In these document requests, TCS seeks documents relating to (#13) negotiations of the NS Agreement, (#14) communications between the parties regarding the NS Agreement, and (#15) drafts of the NS Agreement. In its responses to each of these requests, MetroPCS objects that "the final version of the Network Services Agreement speaks for itself and any information outside of the four corners of that document necessarily constitutes inadmissible parol evidence." MetroPCS's objection is incorrect in that the Court has not made a determination that parol evidence would be inadmissible in this dispute, or, indeed, that the dispute can be resolved with reference solely to the final version of the NS Agreement. As such, these requests are for evidence that is either admissible or is reasonably calculated to lead to the discovery of admissible evidence. Please supplement these responses accordingly and produce documents in accordance with these requests.

Please contact me at your earliest convenience so that we can resolve these issues.

Sincerely,

Hugh J. Marbury /BDS

Hugh J. Marbury

cc:   Matthew H. Kirtland
      Michael Regitz