

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Hugh J. Marbury
hugh.marbury@dlapiper.com
T   410.580.4205
F   410.580.3205

January 29, 2010
VIA E-MAIL

Brett C. Govett
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

Re:   MetroPCS Wireless, Inc. v. TeleCommunication Systems, Inc., No. 1:09-cv-00601
      Meet & Confer Regarding Production of Documents

Dear Brett:

We received the documents that you produced to us on January 26 and 27, 2010.  Please consider this letter to be our further good faith effort to resolve our discovery disputes.

You have produced well over 550,000 pages of documents.  The overall size of the production is troubling, given that we intentionally limited the scope of many of our requests to "documents sufficient to identify" particular information.  Our initial review also demonstrates that many of the documents are nonresponsive to our discovery requests – information about E9-1-1, sales pitches from unrelated companies, irrelevant articles and patents, publicly available SEC filings, etc.  At the same time, you have not produced many of the documents we requested, and which you agreed to produce – namely, the infringement contentions, invalidity contentions, and claim construction briefs in the Texas Litigation.  This production is simply a "data dump," and an abuse of the discovery process.

By signing your responses to our discovery requests, you have certified that those responses (and the document production to which they refer) are "neither unreasonable nor unduly burdensome or expensive."  Fed. R. Civ. P. 26(g)(1)(B)(iii).  Indeed, the Court has recently reiterated that "Rule 26(g) is *designed to curb discovery abuse* by explicitly encouraging the imposition of sanctions," and that the rule "provides a *deterrent* to both **excessive discovery** and *evasion*."  *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357 (D. Md. 2008) (quoting Fed. R. Civ. P. 26(g) advisory committee's note to the 1983 amendments) (italics in original, bold emphasis added).

In order to cure your discovery abuse, we demand that you produce an index to your document production, and provide additional information and documents as detailed below.

**INTERROGATORIES 15-18:**  We requested (#15) all prior art that MetroPCS has asserted or will assert in the Texas Litigation, (#16) all expenses and costs incurred in the Texas Litigation by MetroPCS, (#17) an identification of the links between such expenses and the individual claims and/or defenses asserted in the Texas Litigation, and (#18) facts on which you base your contention that EMSAT alleges that MetroPCS's use of TCS's services infringes the Patents-in-Suit.  In your responses to each Interrogatory, you invoke Federal Rule of Civil Procedure 33(d), and refer us to your document production.



Brett Govett
January 29, 2010
Page Two

Rule 33(d)(1) states that you may only respond with reference to a document production if you also "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." You have not done so. Please supplement these responses and specify by Bates numbers the exact documents that are responsive to these interrogatories.

**REQUESTS FOR PRODUCTION 4, 5, 6, AND 11:** We requested (#4) infringement contentions, (#5) invalidity contentions, (#6) prior art, and (#11) claim construction documents asserted by any party in the Texas Litigation. In your responses to each request, you agreed to produce documents responsive to these requests. Our initial review of your production has revealed **no** documents related to the Texas Litigation.

These documents, which should provide insight and detail into the specific allegations of the Texas Plaintiffs, are absolutely vital to the Court's determination of whether those allegations refer to MetroPCS's use of TCS's services. You have been in possession of these documents for several months, so there is no reason why they should not have been included in your first production of documents. We have entered into a protective order, so you should have no concern about confidential treatment of the Texas Litigation documents. Your failure to produce these documents is particularly egregious given that you are demanding that we defend you in the Texas Litigation, and yet have produced no documents regarding the Texas Plaintiffs' infringement contentions, your invalidity contentions, or any claim construction briefs.

Please produce these documents as soon as possible. If you have already produced them, please provide us with Bates numbers sufficient to locate the documents in your production.

In addition to the issues detailed in this letter, we sent you a letter on January 22, 2010 regarding your objections and responses to our discovery requests, and have received no response. Please respond to these two letters promptly or we will be forced to assume that you have no interest in pursuing a good faith resolution of these issues, and will file a motion to compel with the Court.

Sincerely,

Hugh J. Marbury /BJS

cc:    Matthew H. Kirtland
       Michael Regitz