IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC<br><br>and<br><br>LOCATION BASED SERVICES LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>METROPCS COMMUNICATIONS, INC., et al.<br><br>    Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:08cv381<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AS TO DEFENDANTS METROPCS COMMUNICATIONS, INC. AND METROPCS WIRELESS, INC.**

Pursuant to Local Patent Rule 3-1, Plaintiffs assert as follows:

### I. DISCLOSURES

(a)    **Asserted Claims: [Each claim of each patent in suit that is allegedly infringed by each opposing party]**

Based on information presently available to them, Plaintiffs contend that Defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. directly and indirectly infringe at least Claims 1-5 of United States Patent No. 5,946,611 (the "'611 patent"), Claim 9 of United States Patent No. 6,324,404 (the "'404 patent"), Claims 10, 21, 24, 31, and 34-37 of United States Patent No. 6,847,822 (the "'822 patent"), and Claims 1, 4, 23, 26, 28, 31, and 32 of United States Patent No. 7,289,763 (the "'763 patent"). Plaintiffs expressly reserve the right to seek leave of Court to augment and supplement these disclosures after discovery from Defendants, or as permitted under the Patent Rules.

**(b)** **Accused Instrumentalities:** [Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process]

Plaintiffs contend that the following products and/or services infringe at least the following claims. Plaintiffs reserve the right to seek leave of Court to augment and supplement their infringement disclosures after discovery from Defendants, or as permitted under the Patent Rules.

| Accused Products/Services | Claims |
|---|---|
| Enhanced 911 ("E911") – Phase 2 | '404: 9<br>'611: 1-5<br>'763: 1, 4<br>'822: 10, 21, 24, 31, 34-37 |
| MetroNavigator | '763: 23, 26, 28, 31, 32 |

**(c)** **Claim Charts:** [A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function]

Charts identifying where each element of the Asserted Claims are found within the Accused Instrumentalities are served herewith. Plaintiffs reserve the right to seek leave of Court to augment and supplement their infringement disclosures after discovery from Defendants, or as permitted under the Patent Rules.

CONFIDENTIAL                                                                                                              MPCS-0553396

(d)   **Literally Present: [Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality]**

At this time, Plaintiffs contend and reasonably believe that all limitations of the Asserted Claims are met literally by the Accused Instrumentalities. To the extent that Defendants assert that certain, specific elements of the Asserted Claims are not literally met by the Accused Instrumentalities, or that such elements are, in fact, found to not be present literally, then Plaintiffs contend that any differences between the subject elements and the Accused Instrumentalities (or disputed parts thereof) are insubstantial; thus, the Accused Instrumentalities would infringe under the doctrine of equivalents. Plaintiffs reserve the right to seek leave of Court to augment and supplement their infringement disclosures after discovery from Defendants, or as permitted under the Patent Rules.

(e)   **Priority Date of Asserted Claims: [For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled]**

The Asserted Claims of the '611, '404, '822, and '763 patents are entitled to a priority date at least as early as December 26, 1991.

(f)   **Plaintiff's Embodiment of the Claimed Invention: [If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim]**

Not applicable.

CONFIDENTIAL                                                                                                      MPCS-0553397

## II. DOCUMENT PRODUCTION

Documents responsive to P.R. 3-2(a) through (c) have been placed on disc and mailed overnight.  Documents responsive to P.R. 3-2(a) for some or all of the patents-in-suit bear production numbers EMSAT014064 – EMSAT014069, EMSAT019220 – EMSAT019222, EMSAT019226 – EMSAT019227, EMSAT019229, EMSAT019659, EMSAT019661 – EMSAT019663, EMSAT019682 – EMSAT019684, EMSAT019692 – EMSAT019693, EMSAT020290 – EMSAT020292, EMSAT024868 – EMSAT024874, EMSAT025267 – EMSAT025318, EMSAT025469, EMSAT025471, EMSAT025539, EMSAT026113 – EMSAT026114, EMSAT026144, EMSAT026162 – EMSAT026175, and EMSAT026179.  Documents responsive to P.R. 3-2(b) are inventor documents bearing production numbers EMSAT004708 – EMSAT004710, EMSAT004734 – EMSAT004745, EMSAT004752 – EMSAT004757, EMSAT004761 – EMSAT004762, and EMSAT014761 – EMSAT014927.  Pursuant to P.R. 3-2(c), copies of the patent prosecution file history and subsequent reexamination file history for each of the patents-in-suit have been produced bearing the following production numbers:

| '611 patent | EMSAT026599 – EMSAT026967 |
| --- | --- |
| '404 patent | EMSAT026968 – EMSAT027618 |
| '822 patent | EMSAT027619 – EMSAT028604 |
| '763 patent | EMSAT028605 – EMSAT029472 |

Plaintiffs reserve the right to supplement this initial document production should additional, responsive materials or documents be identified.

4

CONFIDENTIAL                                                                                                                                  MPCS-0553398

**Dated:   September 18, 2009**                                  Respectfully submitted,

/s/ Edward R. Nelson, III
Texas State Bar No. 00797142
Attorney-in-Charge
Brent N. Bumgardner
Texas State Bar No. 00795272
Barry J. Bumgardner
Texas State Bar No. 00793424
Christie B. Lindsey
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgardner@nbclaw.net
barry@nbclaw.net
clindsey@nbclaw.net

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFFS**

5

CONFIDENTIAL                                                                                                     MPCS-0553399

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document and accompanying charts were served on Defendants through their counsel of record via email on this the 18th day of September, 2009.

/s/Edward R. Nelson, III

CONFIDENTIAL                                                                                        MPCS-0553400